Robert Martinez-Gill
**Name**

#24434-149
**Prison Identification/Booking No.**

POB 4200, Three Rivers, Tx 78071
**ADDRESS or PLACE OF CONFINEMENT**

*Note:* If represented by an attorney; his name, address
& telephone number.

*Note:* It is your responsibility to notify the Clerk of
Court in writing of any change of address.

United States District Court
Southern District of Texas
FILED

**FEB 1 0 2000**

MICHAEL N. MILBY CLERK

---

# UNITED STATES DISTRICT COURT

Southern **DISTRICT OF** Texas/Corpus Christi Division

---

. Robert Martinez-Gill

**FULL NAME (Include name under which you were convicted)** .

Petitioner,

v.

Michael Purdy

**NAME OF WARDEN, (or other authorized person having custody of petitioner)**

Respondent.

CASE NO. CV **C 00 056**

To be supplied by the Clerk of the
United States District Court

CASE NO. CR SA 91-CR-318-04

Criminal case under which sentence was imposed.

---

PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY
(28 U.S.C § 2241)

---

### INSTRUCTIONS -READ CAREFULLY

This petition shall be legibly handwritten or typewritten, signed
by *the petitioner, under pe*nalty of perjury. You must set forth
CONCISELY the answer to each question in the proper space on
the form.  Any false statement of *a mat*erial fact may serve as the
basis for prosecution and conviction for perjury.

You must not attach separate pages to this petition except that
ONE separate additional page is permitted in answering Question
No.9.

---

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

1.

Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

If you are seeking leave to proceed *in forma pauperis* (without paying the $5.00 filing fee and other court costs), then you must also execute the declaration on the last page, setting forth information which establishes your inability to pay the fees and costs of the proceedings or to give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $25.00, you must pay the filing fee as required by the rule of the district court.

Only one sentence, conviction or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petitions.

Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

PLEASE COMPLETE THE FOLLOWING: (check appropriate number)

This petition concerns:

1._____ a conviction.

2._____ a sentence.

3._____ jail or prison conditions.

4._____ prison discipline.

5._____ a parole problem.

6. _Detention_ other.

## PETITION

1. Place of detention __FCI Three Rivers, POB 4200, Three Rivers, TX 78071__

2. Name and location of court which imposed sentence __U.S. District Court for the Western__

   __District of Texas, San Antonio Division__

3. The indictment number or numbers (if known) upon which, and the offense or offenses for which, sentence was imposed:

   (a) __SA-91-CR-318-04 Violation of 21 USC § 846 Ct(1) and 21 USC § 851(a)__

   (b) __Conspiracy with Intent to Distribute Cocaine and Heroin__

   (c) _____

4. The date upon which sentence was imposed and the terms of the sentence:

   (a) __July 7, 1992  Mandatory minimum of life__

   (b) _____

   (c) _____

5. Check whether a finding of guilty was made:

   (a) After a plea of guilty _____

   (b) After a plea of not guilty ___Guilty___

   (c) After a plea of nolo contendere _____

6. If you were found guilty after a plea of not guilty, check whether that finding was made by :

   (a) a jury __Jury__

   (b) a judge without a jury _____

7. Did you appeal from the judgment of conviction or the imposition of sentence?

   ( X ) YES        (   ) NO

8. If you did appeal, give the following information for each appeal:

   a.   (1) Name of court __U.S. Court of Appeals for the Fifth Circuit__

        (2) Result __Affirmed__

        (3) Date of result __July 7, 1994__

        (4) Citation or number of opinion __US v Robert Martinez-Gill, Op. No. 92-5626__

---

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

(5) Grounds raised (list each)

(a) Point of error (1) Insufficient evidence of existence of single conspiracy

(b) Point of error (2) Motion to dismiss based on double jeopardy,

(c) (3) Concept of collateral estoppel, (4) breach of plea agreement, (5) In

(d) correct application of USSG, (6) Ineffective assistance of counsel, (7) Motion to sever

b. (1) Name of court _____

(2) Result _____

(3) Date of result _____

(4) Citation or number of opinion _____

(5) Grounds raised (list each)

(a) _____

(b) _____

(c) _____

(d) _____

CAUTION:   If you are attacking a sentence imposed under a federal judgment, you must first file a direct appeal or motion under 28 U.S.C.
§           2255 in the federal court which entered the judgment.

9. State CONCISELY every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.
If necessary, attach a SINGLE page only behind this page.

CAUTION:   If you fail to set forth all grounds in this petition, you may be barred from presenting additional ground at a later date.

a. Ground one   See memorandum in support of brief _____

_____

Supporting FACTS (tell your story BRIEFLY without citing cases or law).

CAUTION:   You must state facts not conclusions in support of your grounds.  A rule of thumb to follow is - who did exactly what to violate
your
            rights at what time and place.

See memorandum in support of brief _____

_____

_____

_____

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

b. Ground Two    See memorandum in support of brief

Supporting FACTS (Tell your story BRIEFLY without citing cases or law).

See memorandum in support of brief

c. Ground Three____ N/A

Supporting FACTS (Tell your story BRIEFLY without citing cases or law).

N/A

d.  Ground Four ___ N/A

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

CMPDF – www.fesko.com

Supporting FACTS (Tell you story BRIEFLY without citing cases or law).

N/A

10. Have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction?

( X ) Yes        (   ) No

11. If your answer to Question No. 10 was yes, give the following information:

a.  (1) Name of Court U.S. District Court for the Western District of Texas

(2) Nature of proceeding  §2255

(3) Grounds raised   Ineffective assistance of counsel and USSG errors

(4) Result  Denied

(5) Date of result  April 30, 1998

(6) Citation or number of any written opinions or orders entered pursuant to each disposition.

See Appendix (C)

b.  (1) Name of Court   Fifth Circuit Court of Appeals

(2) Nature of proceeding   2255 appeal

(3) Grounds raised    same as above

(4) Result   Denied

(5) Date of result  March 16, 1999

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

(6) Citation or number of any written opinions or orders entered pursuant to each disposition.

___See Appendix_____

12.  If you did not file a motion under Section 2255 of Title 27\8, United States Code, or if you filed such a motion and it was denied, state why your
     remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

_____

_____

_____

_____

_____

_____

13.  Are you presently represented by counsel?    (   ) Yes   ( X ) No

     If so, name, address and telephone number _____

     _____

     Case name and court_____

     _____

14.  If you are seeking leave to proceed in forma pauperis, have you completed the declaration setting forth the required information?

     (   ) Yes    ( X ) No

WHEREFORE,   petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding,

_____
                                              Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

                    Executed on ___2 – 7 – 2000_____
                                                        (Date)

                    _Robert Martinez – Leto_____
                                    Signature of Petitioner

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT MARTINEZ-GILL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| vs | § | Case No: _____ |
| | § | |
| | § | |
| MICHAEL PURDY, | § | |
| | § | |
| Respondent. | § | |

## BRIEF IN SUPPORT OF WRIT OF HABEAS CORPUS

## PURSUANT TO TITLE 28 U.S.C. § 2241

**COMES NOW,** the petitioner, Robert Martinez-Gill, (hereafter "Gill" or petitioner), acting in pro/se, and respectfully moves this Court to grant his habeas petition for the reasons set forth in this motion.

### JURISDICTION

Jurisdiction is properly vested on this Court pursuant to **28 U.S.C. § 2241(c)(1) and (c)(2)**, which established federal court's power to grant the writ of habeas corpus, **Zadvydas v Capliner**, 986 F. Supp. 1101, 1017 (E.D. LA 1997). Section 2241 is the progeny of Section 14 of the judiciary Act of 1789 and the 1867 Act and is designed to protect the fundamental liberties guaranteed under the Constitution, **Benziane v United States**, 960 F. Supp. 238 (D. Colo. 1997).

-1-

## STATEMENT OF THE CASE AND FACTS

A detailed recitation of the facts underlying petitioner's charge of conviction in this case as well as it's procedural history, appears in the introduction of Petitioner's Reason For Granting the Writ (see Petition for Writ of Habeas Corpus, <u>Robert Martinez-Gill v Michael Purdy</u>.

## QUESTIONS PRESENTED FOR REVIEW

I.   Where the government files but fails to serve a sentencing en-hancement information under 21 U.S.C. § 851(a), does failure to serve the enhancement information on the defendant or his coun-sel divest the sentencing court of jurisdiction to impose a sentence pursuant to 21 U.S.C. § 841(B)(1)(A) ?

II.  Does the trial record support a finding that the petitioner was served with § 851 enhancement notice, or sufficiently put on notice, that his sentence would be enhanced under the provisions of 21 U.S.C. §§ 841(B)(1)(A)  and 851(a) ?

## STATUTORY PROVISION INVOLVED

The statutory provisions involved inthis case concern the filing and service provisions of 21 U.S.C. § 851 but most particularly the service provisions of the statute.

## REASON FOR GRANTING THE WRIT

In accordance with 28 U.S.C. § 2241, Martinez-Gill submits a Writ of Habeas Corpus should issue for the following reasons.

Both questions posed to this Court concern important queries of federal law that have never been addressed by the United States Dis-trict Court for the Western District of Texas, San Antonio Division, the Fifth Circuit Court of Appeals or the United States Supreme Court.

Specifically, Martinez-Gill asks this Court to answer the question of whether or not a sentencing court lacks jurisdiction to impose enhanced punishment based upon a defendant's prior felony drug convictions, where, pursuant to 21 U.S.C. § 851(a)(1), the government **files** but fails to **serve** a notice of enhancement information as the mandatory language of the statute requires.

> **THESE QUESTIONS ARE QUESTIONS THAT**
> **PETITIONER SHOULD BE PERMITTED**
> **TO SEEK SECTION 2241 RELIEF**
> **WHERE HE HAD NO REASONABLE OPPORTUNITY**
> **TO OBTAIN EARLIER JUDICIAL CORRECTION**
> **OF A FUNDAMENTAL DEFECT IN HIS SENTENCE**

In the case at bar, Martinez-Gill was sentenced to a term of life imprisonment based on the government having filed a section 851 enhancement notice before trial. However, that notice was never served on either Martinez-Gill or his trial counsel. It is the firm belief of Martinez-Gill that the failure to serve is a jurisdictional defect that divested the District Court of authority to impose enhanced punishment based on prior convictions.

The Sentencing Enhancing Information, filed by the government made a part hereof as Appendix BR-1 does not contain a certificate of service as the mandatory language of the statute requires. Therefore the jurisdictional defect can be resolved by this Court answering the questions posed by this petition.

## ARGUMENT

I.   WHERE THE GOVERNMENT FILES BUT FAILS TO SERVE A SENTENCING ENHANCEMENT INFORMATION UNDER 21 U.S.C. § 851 DOES THE FAILURE TO SERVE THE ENHANCEMENT INFORMATION ON THE DEFENDANT OR HIS COUNSEL DIVEST THE SENTENCING COURT OF JURISDICTION TO IMPOSE A SENTENCE PURSUANT TO 21 U.S.C. § 841(B)(1)(A) ?

-3-

During the pretrial proceedings, up to and including the be-
ginning of trial, Martinez-Gill and his trial counsel were not made
aware that the United States Attorney prosecuting this case, AUSA
Christopher Gober, had filed a sentencing enhancement notice pur-
suant to 21 U.S.C. § 851.   Though constrained to concede that the
notice was filed in accord with the filing provisions of § 851, the
information was not **served** **as** the statute also requires.   The fail-
ure to serve divested the District Court of jurisdiction to impose
enhanced punishment onMartinez-Gill based on prior convictions as
provided by 21 U.S.C. §§ 841(b)(1)(A) and 851.   In Martinez-Gill's
case that sentence prescribed a mandatory minimum of life imprison-
ment without possibility of release.

The statutory scheme of § 851 contemplates prosecutorial discre-
tion to seek enhanced punishment based on prior convictions.   In
granting this discretion to the prosecution, "Congress imposed a
strict condition on it's exercise" by phrasing the statute in man-
datory language. **United States v Noland**, 495 F 2d 529, 533 (5th Cir.
1974).   Thus the words "[n]o person...shall be sentenced to increased
punishment...unless...'restrict the court's authority to impose en-
hanced sentences to cases where the information is **filed** with the
court **and served** on the defendant before trial." **Noland**, 495 F 2d
at 533.[1]   Provision for enhanced sentencing is a legislative decision,

----

[1] Section 851 states, in relevant part:

> No person who stands convicted of an offense under this part
> shall be sentenced to increased punishment by reason of one or
> more prior convictions, unless before trial....the United States
> Attorney **files** an information with the court (and **serves** a copy
> of such information on the person or counsel for the person sta-
> ting in writing the previous convictions to be relied upon[.]

21 U.S.C § 851(a)(1), (parentheses in original)(emphasis added).

-4-

and the procedure the legislature prescribed to effectuate section 851's purpose must be followed.

A general consensus exists among the various federal courts below that the government must comply with the "filing" and "service" provisions of section 851 whenever it seeks enhanced punishment based on prior convictions pursuant to 21 U.S.C. : 841(b)(1)(A).  As relevant here, the purposes of the statutory service requirement of **section 851(a)(1)** are that "a defendant [who] may be precluded from challenging the validity of a conviction at a later date....has adequate notice of the penalties he faces and adequate time to contest the validity of the prior convictions," **United States v Carvajal-Minota**, 706 F. Supp. 726, 728 (N.D. Cal. 1989), and "provides the defendant with the information he needs to determine whether he should enter a plea or go to trial." See also, **United States v Velasco**, 847 F. Supp. 580, 587 (N.D. Ill. 1994); **United States v Galiczynski**, 44 F. Supp. 2d 707, 710 (E.D. Pa. 1999).

The federal courts below are in general agreement that the statutory service requirement of section 851, like the filing requirement, is a jurisdictional prerequisite to imposing an enhanced sentence. Of particular note is the decision in **Velasco**, supra at 580 and **Carvajal-Minota**, supra at 726, two cases which are practical overlays to the one at bar.  In **Velasco** and **Carvajal-Minota**, the government sought to enhance the defendant's sentences based on prior convictions.  In these cases, like Martinez-Gill's, the government had filed section 851 notices of intent to enhance the sentences with respective clerks, but failed to serve the same on the defendants.  Both courts held that the statutory service requirement was a jurisdictional prerequisite, which could not be fulfilled either by showing that defendants had

-5-

actual notice of the enhancement or by circumstantial evidence of
the government's standard practice with regards to service.  See,
**Velasco**, supra at 586-87, **Carvajal-Minota,** supra at 727.  As the
court in **Carvajal-Minota** explained at pg. 727:

> The courts have clearly held that filing is a
> jurisdictional requirement.  This Court sees
> no reason to disregard the clear language of
> Congress regarding service and will not assume
> that, while filing is a strict requirement,
> service is an informal and secondary requirement.

Also in accord, **Harris v United States,** 149 F 3d 1304, 1306-07 (11th
Cir. 1998)("'Unless and until....the government **files** **and** **serves** an
information as required by § 851, the district court has no power to
act with respect to an enhanced sentence.'")(quoting **United States v
Olson**, 716 F 2d 850, 853 (11th Cir. 1983))(emphasis added); **United
States v Kennedy**, 133 F 3d 53, 59 (D.C. Cir. 1998)("'[a] prosecutor's
compliance with § 851(a)(1) is simply a necessary condition to a judge's
imposing an enhanced sentence on the basis of a defendant's prior con-
victions.'")(quoting **United States v Vanness**, 85 F 3d 661, 663 n. 2
(D.C. Cir. 1996); **United States v Belanger**, 970 F 2d 416, 418 (7th Cir.
1992)("Strict compliance with the mandatory language of....§ 851 is
required, especially with respect to the timing of the government's
**filing** with the court and **serving** on the defendant a notice signifying
it's intent to rely on a prior drug conviction."); **United States v
Larsen,** No's. 90-8027, 90-8090, WL 240140, at *2 (10th Cir. 1991)
("the **filing** and **service** requirements of [§851(a)(1)] are jurisdic-
tional in nature."); **United States v Locklear,** No. 90-7393, 1991WL
89900, at *2-3 (4th Cir. May 31, 1991)("[T]he language of [§851] has
been strictly construed so that a failure to comply with the **filing**
**and service** requirements leaves the court without authority to impose
enhanced sentence."); **United States v Noland**, 495 F 2d 529, 533 (5th

-6-

CSxPDF - www.texto.com

Cir. 1974)(mandatory language of § 851 "restrict[s] the court's authority to impose enhanced sentences to cases where the information is **filed** with the court and **served** on the defendant before trial.")(emphasis added to all citations above).

   In the matter presently before this Court, Martinez-Gill is prepared to concede that the government filed a section 851 notice of enhancement. However, he respectfully (but firmly) asserts that neither he nor his trial counsel, Mr. Tutt, were **ever served** with the notice. Indeed, the § 851 notice filed with the clerk in Martinez-Gill's case is a two page document which does not contain a certificate of service that could otherwise establish that the notice was served on Martinez-Gill or his counsel. See Appendix BR-1, see generally, **Fiore v Giant Food Stores**, No. 98-517, 1998 WL 254975, at *2 (E.D. Pa. Apr. 17, 1998)("once a certificate of service is filed averring that a pleading has been served on opposing counsel by placing the same in the u.S. mail, a presumption of regularity arises that the addressee received the pleading."); **Wright & Miller, Federal Practice and Procedure: Civil 2d § 1150** (collecting local rules regarding proof of service, such as U.S.D.C., D.N.J. Local R. 9B "[Proof of Service] shall show the date **and manner of service** and may be by written acknowledgment of service, by certificate of a member of the bar, by affidavit of the person who served the papers, or by any other proof satisfactory to the court."; U.S.D.C., D.P.R. Local R. 311.3: ("The certificate of service shall indicate the date, **method of service** and the names and addresses of all persons or firms served."); Rule 5, Federal Rules of Appellate Procedure. And nowhere in the record is there any reference where government counsel informs the district court that he served the section 851 notice on Martinez-Gill or his

-7-

counsel by hand delivery, or that notice was orally given (if notice
had been oral, it **must** so reflect in the record).

Jurisdiction is the authority conferred upon a court to decide
a given type of case one way or the other. **Hogans v Lavine**, 415 US
528, 538 (1974). Jurisdictional defects are not subject to harmless
error analysis, nor may they be waived, because a court either has
teh authority to act in a certain manner, or it does not. See, gener-
ally, **United States v Osiemi**, 980 F 2d 344, 345 (5th Cir. 1993);
**United States v Williams**, 899 F 2d 1526, 1529 (6th Cir. 1990); **Kelly
v United States**, 29 F 3d 1107 (7th Cir. 1994). Martinez-Gill respect-
fully submits that, because the service requirement of section 851 is
a jurisdictional prerequisite to the imposition of enhanced punishment
based on prior convictions, and because the government failed to serve
him or his counsel with the section 851 enhancement notice, the Dis-
trict Court was without jurisdiction to have imposed a life sentence
under the provisions of 21 U.S.C. §§841(b)(1)(A) and 851. The govern-
ment's failure to serve him with the notice of enhancement also oper-
ated to deny him due process of law as guaranteed by the Fifth Amend-
ment to the United States Constitution.

The Fifth Circuit Court of Appeals erred by not addressing the
jurisdictional question posed here. Accordingly, a Writ of Habeas
Corpus should issue in order that the jurisdictional question put to
this Court by this petition can be resolved and answered.

## ARGUMENT II

DOES THE TRIAL RECORD SUPPORT A FINDING THAT PETITIONER WAS
SERVED WITH THE SECTION 851 NOTICE OF ENHANCEMENT, OR THAT
HE WAS SUFFICIENTLY PUT ON NOTICE THAT HIS SENTENCE WOULD
BE ENHANCED UNDER 21 U.S.C. §§841(B)(1)(A) AND 851 ?

-8-

While the docket sheet (Appendix BR-2) does reflect that a notice of enhancement was filed on February 21, 1992, there is no docket entry reflecting Martinez-Gill or his counsel were served with the notice as section 851 requires. The Presentence Investigation Report (PSR) did make reference to Martinez-Gill's prior convictions, but it made no reference to the sentencing enhancements information. The first and only instance that can be found in the record of this case where the government speaks of Martinez-Gill's prior convictions and the enhancement information in conjunction with one another occurred on direct appeal. There, the government appeal counsel, AUSA Richard Durbin, asserts "[a] sentencing enhancement information [was] filed before the trial (R. 119-20 alleg[ing] that Gill committed the offense charged in Count One of the Indictment after two prior felony drug convictions," Appendix BR-3, and then lists the prior convictions. AUSA Durbin apparently was arguing under the erroneous assumption that because the information had been "filed before trial", it had been served as the statute requires as well. If not for this somewhat innocuous reference to a "sentencing enhancement information", Martinez-Gill would have never known a section 851 information had been filed, nor would he have known the government failed to comply with the **service** provision of section 851(a)(1). AUSA Durbin's comment compelled Martinez-Gill to obtain a copy of the information from the clerk, and he read the 851 information for the first time in 1998. It was then that he also discovered that the notice did not contain a certificate of service.[2]

---

[2] The "(R.119-20)" reference in AUSA Durbin's statement refers to the record on direct appeal. Each pleading or document that was part of the record on direct appeal is numbered sequentially according to its number of pages. The sentencing enhancement information contained

-9-

CAMPDF - www.fasiia.com

The Seventh Circuit has expressed a willingness to overlook defects in a section 851 information, **if the defendant recived sufficient notice and a meaningful opportunity to challenge the prior convictions at issue.** In **Belanger,** supra, the government had filed an initial information which indicated the government's intention to seek enhanced penalties; that information was defective, as it failed to identify the defendant's prior convictions upon which the government would rely to seek an enhanced penalty. See, **Belanger,** 970 F 2d at 418. The Seventh Circuit nevertheless concluded that the defendant had received sufficient notice under section 851. In the present matter, Martinez-Gill was not given sufficient notice nor a meaningful opportunity to challenge the prior convictions that were used to enhance his punsihment.

In the case at bar, the record will support a finding that the government timely field a section 851 notice of enhancement with the clerk, and that is by docket entry only. On it's face, the notice filed with the clerk, if served, would have given Martinez-Gill notice that he faced a potential life sentence if he took his matter to trial. What the record will not support, however, and what the Fifth Circuit has directly failed to address, is that the government **did not serve** Martinez-Gill or his trial counsel with the notice of enhancement.

### SUMMATION

The Fifth Circuit Court of Appeals erred when it denied Gill's motion to seek limited remand because federal courts can exercise jurisdiction only when it is given to them by Congress.

---

2 (continued)
two pages, numbered "000119" and "000120". See, Appendix BR-2. Had the information contained a certificate of service )i.e., a third page), then it would have been designated "119-21" on direct appeal. Docket entry "121" refers to motions filed by the government that were sealed by the court at the government's request.

-10-

Additionally it erred when it stated that Gill was relying on the initial transcript to support the allegation of government's failure to serve Gill before trial.  They further erred when they stated that the same or similar arguments had already been considered.

Martinez-Gill made three attempts to raise his jurisdictional defects and the errors in question are non-waivable.  This conclusion carries significant consequences since for centuries it has long been recognized that federal courts have an obligation regardless of the arguments advanced to them by the parties - to assure themselves of their own jurisdiction. See **Capron v Noorden**, 6 US (2 Cranda) 126, 2 L Ed 229 (1804). (Here it was the duty of the Court to see that they had jurisdiction, for the consent of the parties could not give it.)

Therefore, the Fifth Circuit had an independent duty to assure itself that it's jurisdiction is properly had and as a result parties can raise jurisdictional defects at any time such as Gill now demonstrates to this Court in his § 2241.  See also; **Philbrook v Glodgett**, 421 US 707, 44 L Ed 2d 525, 95 S. Ct. 1893.  Application of the general rule that this Court has a duty to inquire into the jurisdiction of the district court would require that we address a complex question of federal jurisdiction notwithstanding the absence of substantial aid from the briefs of either parties.  We believe however, that the unusual context in which this appeal comes to us, permits an exception to this general rule.

This Honorable Court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises. **Fitzgerald v Seabord**

-11-

**Sys. R.R., Inc**, 760 F 2d 1249, 1251 (11th Cir. 1985)(citing **Philbrook v Glodgett**, 421 US 707 (1975); **City of Kenosha v Bruno**, 412 US 507 (1973).  Se also **United States v Cevallos,** 538 F 2d 1122 (5th Cir. 1976); **Harris v United States,** 149 F 3d 1304, 1308 (11th Cir. 1998). Moreover, a jurisdictional defect cannot be waived.

## CONCLUSION

Martinez-Gill is presently confined within the bounds of the Federal Correctional Institution at Three Rivers, Texas.  If this Court does not issue a Writ of Habeas Corpus he will be consigned to the perdition of prison for the remainder of his life based on a sentence that the District Court lacked authority to impose due to government's counsel's failure to "serve" Martinez-Gill or his trial counsel with the § 851 enhancement information notice.  Martinez-Gill merely asks for justice and the due process of law that the United States Constitution affords him.

Accordingly, and in light of the arguments contained in this petition, a Writ of Habeas Corpus should issue to answer the questions of whether or not Martinez-Gill's sentence should be sustained in view of the jurisdictional defect that is so obvious in his case.

DATED  2-7-2000

RESPECTFULLY SUBMITTED,

ROBERT MARTINEZ-GILL
#24434-149
F.C.I. Three Rivers
P.O.B. 4200
Three Rivers, Texas 78071

-12-

# APPENDIX B R 1

FILED

UNITED STATES DISTRICT COURT
FEB 21   5 36 PM '92
WESTERN DISTRICT OF TEXAS
CHARLES W ___ CLERK
SAN ANTONIO DIVISION ___

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. SA-91-CR-318(4) |
| Plaintiff, | ) **E N H A N C E D** |
| | ) **P E N A L T Y** |
| v. | ) |
| | ) |
| ROBERT MARTINEZ-GIL, | ) [21 U.S.C. § 841(b)(1)(A): |
| | ) Enhanced Penalty for; |
| Defendant. | ) Quantity of Heroin in Excess |
| | ) of One Kilogram, Quantity of |
| | ) Cocaine in Excess of Five |
| | ) Kilograms, and for Commission |
| | ) of Offense after Prior Felony |
| | ) Convictions for Violations of |
| | ) Federal Drug Law.] |

### SENTENCING ENHANCEMENT INFORMATION

The United States Attorney for the Western District of Texas
hereby serves notice upon Defendant,

### ROBERT MARTINEZ-GIL,

that in the event of the Defendant's conviction for the offense of
Conspiracy to Possess Heroin and Cocaine with Intent to Distribute,
the same, contrary to Title 21, United States Code, Section
841(a)(1), and in violation of Title 21, United States Code,
Section 846, as charged in Count One of the Indictment in this
cause, the United States of America, at sentencing in this matter,
will seek to enhance the Defendant's sentence for said conviction
pursuant to Title 21, United States Code, Section 841(b)(1)(A), in
that the conspiracy offense charged in Count One of the Indictment
this cause involves over one kilogram of a mixture or substance
containing a detectable amount of heroin and, further, in that the

000112

**BR-1**

conspiracy offense charged in Count One of the Indictment in this cause involves over five kilograms of a mixture or substance containing a detectable amount of cocaine, and, further, that the conspiracy offense charged in Count One of the Indictment in this cause was committed by the Defendant after his prior convictions for certain felony drug offenses under the laws of the United States and the State of Texas, that is; the Defendant having been previously convicted, in the United States District Court for the Western District of Texas, Criminal Cause No. SA-78-CR-032, United States of America v. Robert Martinez Gil, of the offense of Use of a Communication Device (to facilitate the commission of a felony drug violation of Title 21, United States Code) and having been sentenced therefore to a term of eight years imprisonment, and the Defendant having been previously convicted, in the 289th District Court in and for Bexar County, Texas, Criminal Cause No. 82-CR-2767, State of Texas v. Robert Martinez Gil, of the offense of Possession of Methamphetamine and having been sentenced therefore to a term of four years imprisonment.

Respectfully submitted,

RONALD F. EDERER
United States Attorney

By: _____
      CHRIS K. GOBER
      Assistant United States
      Attorney

2

000120      BR-1

# A P P E N D I X   B R 2

CutePDF - www.hexio.com

ceedings include all events.
:91cr319-4   USA v. Guerrero, et al                          APPEAL

2/21/92   105      Order as to Robert Martinez-Gil (4) denying motion to
                   dismiss Indictment [83-1], denying motion to sever [82-1]
                   (gg) [Entry date 02/24/92]
                                                        123

2/21/92   109      Order the following discovery motions as to Martin R.
                   Guerrero Jr., Carlos Barrera Hernandez, Bernabe G.
                   Maldonado, Robert Martinez-Gil are DISMISSED AS MOOT;
                   mooting motion for disclosure of exculpatory evidence as to
                   Carlos Barrera Hernandez (2), mooting motion for discovery
                   and inspection [71-1] as to Carlos Barrera Hernandez (2),
                   mooting motion for notice under Rule 12(d)(2) FRCrP [69-1]
                   as to Carlos Barrera Hernandez (2), mooting motion for
                   notice under Rule 12 (d)(2) FRCrP. [54-1] as to Martin R.
                   Guerrero (1), mooting motion for discovery and inspection
                   [47-1] as to Martin R. Guerrero (1), mooting motion for
                   disclosure of exculpatory evidence [44-1] as to Martin R.
                   Guerrero (1), mooting motion to disclose electronic
                   surveillance [22-1] as to Bernabe G. Maldonado (3), mooting
                   motion for discovery and inspection [21-1] as to Bernabe G.
                   Maldonado (3) (gg) [Entry date 02/24/92]    122

2/21/92   112      Order as to Martin R. Guerrero Jr., Carlos Barrera
                   Hernandez, Bernabe G. Maldonado, Robert Martinez-Gil
                   granting Government's SEALED motions [99-1], [97-1],
                   [95-1], [93-1] (gg) [Entry date 02/24/92]   121

2/21/92   118      Sentencing Enhancement Information as to Robert
                   Martinez-Gil (gg) [Entry date 02/24/92]  19 - 120

2/24/92   124      Motion by USA  as to Martin R. Guerrero Jr., Carlos Barrera
                   Hernandez, Bernabe G. Maldonado, Robert Martinez-Gil for
                   delayed disclosure of the identity of certain Government
                   witnesses (gg) [Entry date 02/25/92]   115 - 116

2/24/92   --       Docket call for Martin R. Guerrero Jr., Carlos Barrera
                   Hernandez, Bernabe G. Maldonado, Robert Martinez-Gil held.
                   Counsel for Defendants and Government announce ready for
                   trial. (gg) [Entry date 02/27/92]

2/24/92   --       Voir dire begins  for Martin R. Guerrero (1) count(s) 1, 2,
                   Carlos Barrera Hernandez (2) count(s) 1, Bernabe G.
                   Maldonado (3) count(s) 1, 2, Robert Martinez-Gil (4)
                   count(s) 1  ; Mooted motions: motion for delayed disclosure
                   of the identity of certain Government witnesses [124-1] as
                   to Martin R. Guerrero (1), Carlos Barrera Hernandez (2),
                   Bernabe G. Maldonado (3), Robert Martinez-Gil (4), motion
                   for specific performance of the plea agreement [120-1] as
                   to Martin R. Guerrero (1), motion to dismiss Indictment
                   [107-1] as to Carlos Barrera Hernandez (2), motion to quash
                   the Indictment (Multiplicious Counts) [50-1] as to Martin
                   R. Guerrero (1) (gg) [Entry date 02/27/92]

2/24/92   --       Jury selection for Martin R. Guerrero Jr., Carlos Barrera
                   Hernandez, Bernabe G. Maldonado, Robert Martinez-Gil  held


APP BR-2

# A P P E N D I X   B R 3

CutePDF – www.fastio.com

Case 2:00-cv-00056   Document 1   Filed in TXSC on 02/18/2000   Page 26 of 27

# 92-5626

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT MARTINEZ-GILL,
CARLOS BARRERA HERNANDEZ,
BERNABE G. MALDONADO, and
MARTIN R. GUERRERO, JR.,

Defendant-Appellants

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

BRIEF FOR THE UNITED STATES OF AMERICA

JAMES H. DeATLEY
United States Attorney

TRIAL ATTORNEY:
CHRIS K. GOBER
Assistant United States
Attorney

RICHARD L. DURBIN, JR.
Assistant United States
Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597

ATTORNEYS FOR APPELLEE

BR-3

court not considered those additional drug quantities, Gill contends, he would not have exceeded the threshold quantity triggering the mandatory life penalty under 21 U.S.C. § 841(b)(1)(A).

A sentencing enhancement information filed before trial (R. 119-20) alleged that Gill committed the offense charged in Count One of the Indictment after two prior felony drug convictions--one for using a communication device to facilitate a drug transaction in U.S. District Court in 1978; and a second for possessing methamphetamine in Texas district court in 1983 (see PSI ¶ 44, 45). Alleging that the conspiracy offense charged in the indictment involved more than one kilogram of heroin and more than five kilograms of cocaine, the enhancement information notified Gill that the government would seek punishment under 21 U.S.C. § 841(b)(1)(A).

The Presentence Report recommended that Gill be held accountable for a combined equivalent of 2113.51 kilograms of marijuana, establishing a base offense level 32 (PSI ¶ 33). This quantity was based on transactions totalling 365.30 grams of heroin, and negotiations for an additional 737.1 grams of heroin; transactions totalling 56.04 kilograms of cocaine, and negotiations for at least an additional five kilograms of cocaine (Id.). Gill objected to this drug quantity calculation, arguing that he could be held responsible for only 9 grams of heroin he delivered to an undercover officer;

59

BR-3