UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED
FEB 10 2000
MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| ROBERT MARTINEZ-GILL, Petitioner, | § | |
| vs | § | CASE NO: C 00 056 |
| MICHAEL PURDY, Respondent. | § | |

**PETITION FOR A WRIT OF HABEAS CORPUS**

**PURSUANT TO TITLE 21 U.S.C. § 2241**

**AND BRIEF IN SUPPORT**

## INTRODUCTION

**COMES NOW,** the petitioner, Robert Martinez-Gill, acting in pro/se, and respectfully moves this Court to grant his habeas petition for the reasons set forth in this motion and brief in support of **28 U.S.C. § 2241**, attached as **Exhibit (A1)**

## JURISDICTION

Jurisdiction is properly vested on this Court pursuant to **28 U.S.C. § 2241, (c)(2),** which establishes the federal court's power to grant the writ of habeas corpus, **Zadvydas v. Caplinger,** 986 F Supp. 1101, 1117 (E.D. LA, 1997). Section 2241 is the progeny of Section 14 of the Judiciary Act of 1789 and the 1867 Act and is designed to protect the fundamental liberties guaranteed under the Constitution, **Benziane v United States,** 960 F Supp. 238 (D. Colo. 1997).

## PROCEDURAL HISTORY

(1) On August 22, 1991, petitioner Martinez-Gill was indicted in the Western District of Texas, cause number SA-91-CR-318(4) and charged, along with other defendants, with conspiracy to possess with intent to distribute a quantity of cocaine and heroin, contrary to **Title 21, U.S.C. § 841(a)(1)** and in violation of **Title 21, U.S.C. § 846.** [1]

(2) On April 2, 1992, Martinez-Gill was found guilty by a jury as to Count One, the only count of the indictment in which he was named a defendant.

(3) The District Court sentenced petitioner to a term of life imprisonment without the possibility of release. This sentence is reflected in the Judgment and Commitment dated July 14, 1992.

(4) On July 7, 1994, Martinez-Gill's conviction and sentence were affirmed by a panel from the Fifth Circuit Court of Appeals, **United States v Robert Martinez-Gill**, 92-5626.

(5) On April 14, 1997, petitioner filed his original **§ 2255** petition.

(6) On April 30, 1998, the District Court denied the **§ 2255** petition, to which a timely notice of appeal was filed.

(7) On July 14, 1998, the District Court denied Gill's request for the issuance of a Certificate of Appealability [C.O.A.].

---

1 It is respectfully requested, pursuant to Rule 201, Fed. R. Evid., that the Court take judicial notice of the contents of the court file of the District Clerk for the Western District of Texas in cause no. SA-97-CA-477, as well as the contents of the court file in the underlying, related criminal cause number entitled **United States v Robert Martinez-Gill,** SA-91-CR-318(4) and the contents of the court file in petitioner's direct appeal to the Fifth Circuit Court of Appeals, **United States v Robert Martinez-Gill,** 92-5626, to include that Court's opinion of July 1994. **(continued next page)**

(8) On October 9, 1998, petitioner filed to the Fifth Circuit Court of Appeals an application requesting issuance of a Certificate of Appealability.

(9) On March 16, 1999, the Fifth Circuit denied Gill's request for a Certificate of Appealability.

(10) On May 5, 1999, petitioner filed a petition requesting a rehearing.

(11) On June 16, 1999, the Fifth Circuit denied motion for rehearing.

(12) On June 24, 1999, petitioner filed a petition pursuant to **28 U.S.C. § 2244**, requesting authorization to file a successive writ pursuant to **28 U.S.C. § 2255.**

(13) On July 13, 1999, the Fifth Circuit Court of Appeals denied petition for authorization to file a successive **§ 2255.**

(14) On July 23, 1999, petitioner filed a second petition pursuant to **28 U.S.C § 2244.**

(15) On August 24, 1999, the Fifth Circuit Court of Appeals denied authorization to file a successive **§ 2255** and furhter ordered:

> "We caution Martinez-Gill that any additional request for authorization to file a successive **§ 2255** motion using the same or similar arguments already considered by this Court in his earlier request will invite the imposition of sanctions."

(16) On November 23, 1999, petitoner filed a petition for writ of certiorari seeking review of his original **§ 2255** and denial of his Certificate of Appealability.

(17) On January 10, 2000, the Supreme Court of the United States denied the petition for writ of certiorari.

---

Additionally, it is further respectfully requested, pursuant to Rule 201, Fed. R. Evid., that the Court take judicial notice of the contents of the 5th Circuit's petition in No. 98-50650, 99-50617 and 99-50719.



ClibPDF - www.fastio.com

## STATEMENT OF THE CASE

On August 22, 1991, a grand jury acting in and for the Western District of Texas, SAn Antonio, Texas, returned a two-count indictment charging Martinez-Gill, Martin Guerrero, Bernabe Maldonado and Carlos Hernandez as defendants. Martinez-Gill was named in Count One of the indictment, which alleged he conspired with the foregoing individuals to possess with intent to distribute cocaine and heroin, in violation of **21 U.S.C. §§ 841(a)(1) and 846.**

## STATEMENT OF THE FACTS

On February 21, 1992, the government filed but failed to **serve**, a sentencing enhancement in formation as required under **21 U.S.C. § 851(a)(1).** The enhancement information subjected MArtinez-Gill to the enhanced penalties contained in 21 **U.S.C. § 841(b)(1)(A).**

## REASON FOR GRANTING THE WRIT

In accord with **Title 28 U.S.C. § 2241,** Martinez-Gill submits that his Writ of Habeas Corpus should issue for the following reasons.

Specifically, Martinez-Gill asks the Court to answer the question of whether or not a sentencing court lacks jurisdiction to impose enhanced punishment based upon a defendant's prior felony drug convictions where, pursuant to **21 U.S.C § 851(a)(1),** the government files but **fails to serve** a notice of enhancement information as the mandatory language the statute requires. These questions are questions that Gill has presented to a federal court on three (3) separate occasions of which the record will demonstrate that the issue of the service component pursuant to **21 U.S.C. § 851(a)(1)** has **never been addressed** on it's merits to have it deem litigated under **Davis v United States**, 417 US 333, 346-47 (1974).



ClibPDF - www.fastio.com

In the case at bar, Martinez-Gill was sentenced to a term of life imprisonment based on the government having filed a **§ 851** enhancement notice before trial. However, that notice was **never served** on either Martinez-Gill or his trial counsel. It is the firm belief of Martinez-Gill that the failure to serve is a jurisdictional defect that divested the District Court of authority to impose enhancement punishment based on prior convictions.

**THAT MARTINEZ-GILL CAN ESTABLISH THAT HIS REMEDY UNDER § 2255 IS "INADEQUATE OR INEFFECTIVE" TO TEST THE LEGALITY OF HIS DETENTION**

In Gill's original **§ 2255** docketed as No. SA-97-CA-447 petitioner filed a Motion for Leave to Supplement Record pursuant to Fed. R. Civ. P. Rule 15(d) - titled "Supplemental Pleading", where he raised the issue that the application of **Title 21 U.S.C. § 851(a)** statutory enhancement had been illegally applied to petitioner, contending that, based on a prior narcotics conviction instate court, was improper.

Gill further filed a Motion to Reinstate petitioner's original claims pursuant to Fed. R. of Civ. Procedure Rule 60(b)(1) and (2), where he stated that:

> Petitioner was denied his Sixth Amendment right to the effective assistance of counsel, when during sentencing, counsel failed to object to the legitimacy of the prior convictions used to enhance petitioner's sentence under **21 U.S.C § 851(a)**. See Appendix B.

Thus, the record of SA-97-CA-447 will demonstrate that the jurisdictional defect of the government's failure to serve a notice of enhancement information as the mandatory language requires was never considered or addressed by the District Court. (See ORDERS of original **§ 2255** Appendix (C))



ClibPDF - www.fastio.com

On or about July, 1998, Gill had his brother Edward Gill obtain a copy of the **851(a)** notice of enhancement the government had referred to on direct appeal (Sentencing Enhancement Information), thus it was not until July, 1998 that Gill read, for the very first time, the sentencing enhancement information that was filed on February 21, 1992. (See Appendix (D))

On september 16, 1998, Gill submitted a motion to the Fifth Circuit Court of Appeals requesting a limited remand to the District Court before his application for Certificate of Appealability was decided for the purpose of putting to the court below a jurisdictional issue which has never been entertained. (See Appendix (E)0

On October 30, 1998, the Fifth Circuit denied the motion for limited remand by construing it as a motion to entertain a new **28 U.S.C. § 2255.** Gill was once again denied his due process to present his jurisdictional defect of government's failure to serve notice of enahncement. (See Appendix(F))

On November 10, 1998, Gill submitted a Motion for Reconsideration from the Fifth Circuit's denail of petitioner's Motion for Limited Remand seeking to address government's failure to serve notice of enhancement. (See Appendix(G))

On december 8, 1998, Gill submitted a Motion to Supplement Application for Certificate of Appealability seeking to incorporate the jurisdictional defect of government's failure to serve notice of enhancement. (See Appendix (H))

On March 16, 1999, the Fifth circuit per order in No. 98-50650, U.S.D.C. No. SA 97-CA-477 issued it's opinion that Gill had not made a "substantial showing of a denial of a constitutional right." (See **28 U.S.C. § 2253(c)(2)** and denied C.O.A.. However, nowhere in the



ClibPDF - www.fastio.com

body of the opinion did the court rule that the government **had to serve** Gill or his counsel with notice of enhancement pursuant to **21 U.S.C. § 851(a)(1)** as the mandatory language requires. Thus, for the sake of clarity, the jurisdictional defect was never ruled on it's merits. (See Appendix (I))

On April 11, 1999, Gill submitted a petition for rehearing where he once again attempted to draw the Fifth Circuit Court of Appeals three judge panel's attention to the jurisdictional defect, to wit, that the district court lacks jurisdiction to impose a mandatory minimum of life pursuant to **21 U.S.C. § 851(a)(1)**, where government had failed to serve counsel or Gill with the notice of enhancement as the mandatory language requires.

On June 16,,1999, the Fifth Circuit ordered that Gill's petition for rehearing is denied. For the record, the merits of the government's failure to serve notice of enhancement pursuant to **21 U.S.C. § 851(a)(1)** was once again ignored. (See Appendix (J))

It is petitioner's contentions that the record of District Court, SA-97-CA-447 and Fifth Circuit No. 98-50650 will demonstrate that the jurisdictional defect with respect to the government's failure to **serve** notice of enhancement pursuant to **21 U.S.C. § 851(a)(1)** is an argument that was never considered by the Fifth Circuit in No. 98-50650, nor ruled that Gill has been **served** with notice.

This is an appropriate place to point out what the record will demonstrate in District Court No. SA-97-CA-447 and Fifth Circuit No. 98-50650 with respect to an argument relating to **Title 21 U.S.C.§ 851(a)(1).** On file is the argument that the district court lacked jurisdiction to impose a mandatory minimum of life under **21 U.S.C. § 851(a)(1)** based on the utilization of state prior predicates.



ClibPDF - www.fastio.com

(see Appendix's (A) & (B), also Fifth Circuit opinion where no finding is made in reference to the government's failure to **serve** notice as the mandatory language requires. Appendix (I)

## CIRCUMSTANCES WARRANTING RESORT TO A § 2241

Petitioner submits the following in support thereof.

On June 24, 1999, petitioner filed to the Fifth Circuit Court of Appeals his petition for authorization to file a successive **§ 2255** inthe District Court pursuant to **28 U.S.C. § 2244(b)(3)(A).**

The grounds relied upon were two issues concerning the mandatory minimum of life imprisonment imposed by the district court on petitioner's conspiracy conviction:

(a) In sentencing petitioner the trial court committed error by applying the elements of **21 U.S.C. (b)(1)(A)** where grand jury had indicted only to the elements of **21 U.S.C. § 841(b)(1)(c)** and thus, lack jurisdiction to the imposition of a mandatory minimum term of life imprisonment.

(b) In sentencing petitioner, the trial court violated Gill's protection under the Fifth Amendment right to due process and lack the jurisdiction to impose a mandatory minimum life sentence pursuant to **21 U.S.C § 851(a)(1)** where the government filed but **failed to serve**, as is required by statute, a sentencing enhancement information.

Gill respectfully requests that this Honorable Court take judicial notice, pursuant to Rule 201 Fed. R. Evid. of the record in Fifth Circuit No. 99-50617, that the two grounds submitted to the Fifth Circuit addressing his jurisdictional defects are separate and distinct.



ClibPDF - www.fastio.com

On ground (1) Gill's argument dealt specifically with his due process and jurisdictional contentions that the sentencing court was without jurisdiction or authority to impose a life sentence under the provisions of **21 U.S.C. § 841(b)(1)(A)** where Gill was indicted to a vioaltion of **21 U.S.C. § 841(b(1)(c).** It was on this point of error alone that Gill sought to rely on the transcript of his initial appearance; SA-91-CR-318-04, R360: T.R. of arraingment at 16.

In ground (2) his arguemnt focused onthe procedural and jurisdictional requirements of **21 U.S.C. § 851(a)(1)** where the language of **§ 851** is mandatory. In deed, the Fifth circuit has interpreted the phrase "no person...shall be sentenced to increased punishment... unless" as one that divests a court of jurisdiction to impose an enhanced sentence where the prosecution has not complied with the strict filing and **service** requirements of **§ 851(a)(1)**, 495 F 2d at 533.

## THE COURT'S RESPONSE

On July 13, 1999, the Fifth Circuit per Order in No. 99-50617 issued its opinion and stated "Martinez-Gill seeks to rely on a transcript of his initial appearance that allegedly was not obtainable until after he filed his notice of appeal from the denial of his first **§ 2255.** Such transcript is irrevelant to any jurisdictional or due process claim because Martinez-Gill was not entitled to notice regarding an enhanced sentence at that early stage." See, e.g., **United States v Gonzales**, 121 F 3d 928, 941 (5th Cir. 1997), cert. denied, 118 S. Ct 776 and 118 S. Ct. 1084 (1998), see Appendix (K).

Petitioner contends that the record of the Fifth Cirucit's opinion in cause no. 99-50617 will demonstrate by clear and convincing evidence

that at no time throughout the pleading in his petition for authorization to file a successive section 2255 did he present an argument to the three-judge panel that he sought to rely on the transcript of his initial appearance to support his due process and jurisdictional contentions regarding the failure of the government to serve him with notice prior to trial, pursuant to **21 U.S.C. § 851(a).** A fact finding review of the record in no. 99-50617 will clearly demonstrate that Gill provided the three-judge panel with a copy of a notice of enhancement - lacking a certificate of service - and it was that document of the trial record that Gill sought to rely on to support his contentions regarding the failure of the governemnt to serve him with notice prior to trial, pursuant to **21 U.S.C. § 851(a)(1).**

Thus, Gill has demonstrated to this court that the Fifth Circuit erred when it based it's ruling on the premises that Martinez-Gill was seeking to rely on a transcript of his initial appearance to support his due process and jursidictional contentions regarding the failure of the government to serve him notice of enhancement. Gill continues to support his argument pursuant to Appendix (D).

**PETITIONER SHOULD BE PERMITTED TO SEEK SECTION 2241 RELIEF WHERE HE HAD NO REASONABLE OPPORTUNITY TO OBTAIN EARLIER JUDICIAL CORRECTION OF A FUNDAMENTAL DEFECT IN HIS SENTENCE WHERE § 2255 IS INEFFECTIVE AND INADEQUATE AND WHERE PETITIONER IS ACTUALLY INNOCENT OF THE 851 ENHANCEMENT AND THE COURT SHOULD CORRECT A MISCARRIAGE OF JUSTICE**

In support thereof petitioner submits the following:

On July 23, 1999, petitioner filed to the Fifth Circuit Court of Appeals his second petition for authorization to file a successive



ClibPDF - www.fastio.com

section 2255 in the distrcit court, pursuant to **28 U.S.C. § 2244(b)(3)(A).**

The grounds relied upon were, (1) the government did not comply with the "service" provisions of **21 U.S.C. § 851(a)** and (2) absent compliance with the "service" provision of **21 U.S.C. § 851(a),** the sentencing court was without jurisdiction to impose a mandatory term of life imprisonment under **21 U.S.C.§ 841(b)(1)(A).**

**THE COURT'S RESPONSE**

On August 24, 1999, the FifthCirucit per order No. 99-50719, issued it's opinion and stated:

> "This is not the first time Martinez-Gill has brought these same or similar arguments before this Court seeking our authorization. We caution Martinez-Gill that any additional request for authorization to file a successive § 2255 using the same or similar arguments already considered by this Court in his earlier request will invite the imposition of sanctions. Motion denied." See Appendix (L).

Petitioner contends that the ruling of the three-judge panel in No: 99-50719, where they state that the same or similar arguments already considered by this Court in his earlier request, is an error of law.

The argument of government's failure to comply with the service provision of **21 U.S.C 851(a)** has never been considered or ruled on it's merits!

A fact finding review of the record in the original section 2255 Application for C.O.A. No. 98-50650, will demonstrate that the Court reach the arguemnts as they pertain to Appendix (A) and Appendix (B). See Appendix (I). Thus, the Court's finding that the **service provision**

has already been considered is clearly erroneous.

Further review of the record in No. 99-50617 will clearly show that the Court erroneously took the position "that Gill seeks to rely on a transcript of his initial appearance" as the basis to support his contentions regarding the failure of the government to serve him with notice prior to trial.

Gill respectfully submits to this Honorable Court a copy of the first successive petition seeking authorization for a second 2255, that will clearly show that Gill articulated his point of error regarding government's failure to serve notice and left no room for the fact finder to misconstrue the issues. Thus the Court took the two separate and distinct grounds and merged them as one and chose to rely on the transcript of the initial appearance to deny Gill his due process and jurisdictional claim regarding failure of the government to serve notice. Once again the merits of the service provision of **21 U.S.C § 851(a)** were not considered. See Appendix (M).

## CONCLUSION

Martinez-Gill respectfully submits that based on the foregoing he has demonstrated to this Honorable Court that:

(1) Under the due process clause he should be allowed to seek habeas corpus because he has no adequate substitute for habeas corpus, that the Fifth Circuit Court of Appeals has impaired him in the circumstances before this Honorable Court by the limitations on the use of the remedy provided in section 2255.

(2) At no time throughout the procedural background of the case at bar has he had a reasonable opportunity to obtain



ClibPDF - www.fastio.com

a reliable jurisdictional determination of the fundamental legality of his conviction and sentence. **Carafas v La Vallee**, 391 US 234, 238 (1968); **Price v Johnston**, 334 US 266, 283 (1948).

Martinez-Gill will argue to this Court that he was sentenced to a mandatory minimum of life without the possibility of parole, pursuant to **21 U.S.C. § 851(a)(1).** However, because of government's failure to serve on either Martinez-Gill or his trial counsel, it is the firm belief of Martinez-Gill that the failure to serve is a jurisdictional defect that divested the district court of authority to impose enhanced punishment based on prior convictions. Thus Gill was not subject to the **21 U.S.C.** statute under which he was convicted and sentenced. These arguments go to the fundamental legality of his sentence, **Davis v United States**, 417 US 333, 346-47 (1974); **see also Corcoran v Sullivan**, 112 F 3d 836, 838 (7th Cir. 1997); **Johnson v United States**, 805 F 2d 1284, 1288 (7th Cir. 1986); **United States v Gobert**, 139 F 3d 436, 438 (5th Cir. 1998).

Martinez-Gill has never had a reasonable chance to correct a jurisdictional defect. From the time Gill learned of the legal significance of the government's failure to comply with the filing and service provisions of **851(a),** he has exercised due diligence in bringing the matter to the three separate three-judge panels to explain his rights under due process, to present a meaningful opportunity to correct judicial errors by means of appellate or collateral attack on his criminal judgment. However, they have simply decided not to listen to him and under No. 99-50719, the panel took the liberty of stating, "We caution Martinez-Gill that any additional request for authorization to file a successive § 2255 motion using the same or similar arguments already considered by this Court in his earlier request will

invite the imposition of sanctions."

As such, even if Gill were to argue that the opinion is clearly erroneous, because of the AEDPA's new limitations on the availability of collateral relief under **28 U.S.C. § 2244(E)** petitioner is foreclosed from any further litigation on the subject matter. Thus any **§ 2255** procedure would be "inadequate or ineffective," and **§ 2241** remains the only available remedy to test the legality of his sentence. **United States v Hayman**, 342 US 205, 223, 72 S. Ct. 263, 274 (1952).

**WHEREFORE:** for all the foregoing reasons, petitioner respectfully requests that this Honorable Court grant the Writ of Habeas Corpus and issue and ORDER that the government show cause as to why petitioner should not be granted relief under **28 U.S.C. § 2241** based on the government's failure to serve notice under **21 U.S.C. § 851(a).**

DATED 2-7-2000

RESPECTFULLY SUBMITTED,

Robert Martinez-Gill

ROBERT MARTINEZ-GILL
#24434-149
F.C.I. Three Rivers
P.O.B. 4200
Three Rivers, Texas 78071



ClibPDF - www.fastio.com