IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT MARTINEZ-GILL | § | |
| | § | |
| V. | § | C.A. NO. C-00-56 |
| | § | |
| MICHAEL A. PURDY | § | |

## ORDER OF DISMISSAL

This petition under 28 U.S.C. § 2241 raises claims that ordinarily must be presented under 28 U.S.C. § 2255 to the judge who imposed the petitioner's sentence. See United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990). Petitioner argues that these claims are cognizable under § 2241 because the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

The grounds for inadequacy raised by the petitioner are that neither the sentencing court nor the Fifth Circuit reached the merits of his claim that his sentence enhancement was improper s in deciding his prior § 2255 petition, certificate of appealability petition, and motion to file a successive § 2255 petition. The record decisively shows, however, that both the sentencing court and the Fifth Circuit have considered and rejected plaintiff's claims. See Plaintiff's Appendix C (sentencing court rejecting plaintiff's challenges to application of sentencing guidelines, including claim of misapplied sentence enhancement, and ineffective assistance claims); Plaintiff's Appendix F (Fifth Circuit order denying plaintiff's request for remand so that district court could consider a new § 2255 claim); Plaintiff's Appendix I (Fifth Circuit order finding that plaintiff has "not made a substantial showing of the denial of a constitutional right" and denying a certificate of appealability regarding: (1) application of the sentencing guidelines; (2) ineffective assistance of counsel; (3) denial of request for discovery; and (4) the district court's lack of jurisdiction to

consider sentence enhancement); Plaintiff's Appendix K (Fifth Circuit order finding that plaintiff was not entitle to notice regarding an enhanced sentence and denying authorization to file a successive § 2255 petition). Plaintiff's challenge to the adequacy of § 2255 amounts to an argument that these courts did not rule in his favor. A petitioner's prior lack of success does not render the remedy inadequate or ineffective. McGhee v. Hanberry, 604 F.2d 9 (5th Cir. 1979); Waugman v. United States, 331 F.2d 189, 191 (5th Cir. 1964). "A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re Davenport, 147 F.3d 605, at 610 (7th Cir. 1998). The petitioner has raised no such valid basis.

The Court perceives this petition merely as an attempt to relitigate claims already presented to the sentencing court, which the Court will not permit.

The petitioner's petition under 28 U.S.C. § 2241 is DISMISSED.

ORDERED this _19_ day of ___March___, 2000.

H. W. HEAD, JR.
UNITED STATES DISTRICT JUDGE