UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

APR - 3 2000

MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| Robert Martinez-Gill, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| vs. | § | Case No. C-0056 |
| | § | |
| | § | |
| Michael Purdy, | § | |
| | § | |
| Respondent. | § | |

**MOTION TO ALTER OR AMEND JUDGMENT**
**DENYING PETITION UNDER 28 USC § 2241**
**PURSUANT TO 59(e)**
**FEDERAL RULES OF CIVIL PROCEDURE**

COMES NOW, the petitioner, Robert Martinez-Gill, acting in Pro/Se, and respectfully moves this Court to alter or amend its judgment deny- ing petitioner's petition under the provisions of Title 28 USC § 2241. Jurisdiction is properly vested on this Court under Rule 59(e) of the Federal Rules of Civil Procedure.

As a preliminary matter, petitioner is compelled to move out of an abundance of caution, that this Court take judicial notice under Rule 201(d) of the Federal Rules of Evidence of the following:

(1)   The Court's ORDER denying petitioner's § 2241 dated March 20, 2000 and filed March 22, 2000 by the Clerk of the Court at Houston, was received by the petitioner on March 27, 2000. Thus, five days of the Rule 59(e)'s 10 day filing time limi- tation had expired before the ORDER was received.  One of the reasons for its belated delivery is that all of this Court's orders are first routed through the clerk's office,

-1-

ClibPDF - www.fastio.com

and then to the opposing party.

(2)   This motion is made in a timely manner and in accordance
with the 10 day filing provisions of Rule 59(e) and is
submitted pursuant to the "mail box rule" as stated by
the U.S. Supreme Court in **Houston v. Lack**, 487 US 266
(1988), which is deemed filed when delivered to prison
officials for mailing, rather than when the Clerk's office
stamps it filed. (See also **United States v. O'Kane**, 971
F Supp 1479, 1480 (S.D. Ga. 1997), extending the "mail
box rule" to motions filed by Pro/Se prisoners in § 2255
proceedings.

(3)   Because the instant Rule 59(e) motion is being filed within
10 days of this Court's judgment denying petitioner's §
2241, the time for filing notice of appeal is tolled under
Federal Rules of Appellate Procedure 4(a) & 4(c). (See
Advisory Committee notes to paragraph (a)(4), 1993 Amend-
ment, stating "all motions to alter or amend judgments
that are made within 10 days after entry of judgment are
Rule 59(e) motions for purposes of Rule 4(a) 4," which toll
the time for filing notice of appeal. (See also **United
States v. Duke**, 50 F 3d 571, 574-75 (8th Cir. 1995).

WHEREFORE, in support of petitioner's motion to alter or amend
the judgment entered on March 20, 2000, the following is presented
for this Court's consideration.

Dated  _3/30/00_____

Respectfully Submitted,

_Robert Martinez-Gill_

Robert Martinez-Gill
#24434-149
Federal Correctional Inst.
P.O.B. 4200 - JWA
Three Rivers, Texas 78071

-2-

## ARGUMENT IN SUPPORT OF RULE 59(e)
## MOTION TO ALTER OR AMEND JUDGMENT

### PRELIMINARY STATEMENT:

Petitioner's collateral attack is directed at the sentence imposed by the District Court and not the conviction in the above named criminal case.  The facts underlying Gill's case have been accurately and sufficiently developed that he will abjure reciting them anew in this motion.  Gill respectfully submits his § 2241 is premised on a good faith belief that his assignments of error have merit, are of constitutional proportion and warrant reconsideration with respect to the Court's denial.

(1)  It is apparent the Court will not address the core issue underlying petitioner's petition under § 2241, to wit; where a federal court has ruled that government "served" Notice of Enhancement under 21 USC § 851(a).

(2)  An innocent court would not contest issuing an order to government to show cause of the record where it would aid the court to settle a legitimate claim that might flush out an error of law that would help undo an injustice.  However, a guilty court will go to whatever extreme and measure to keep concealed its criminal wrongdoing even if it perpetuates an injustice.

(3)  Petitioner implores this Honorable Court not to give comfort to the previous courts in this matter by dismissing his claim made in good faith.  To rule favorably for the previous courts would only serve to encourage future misdeeds inimical to the precepts of justice and fairness this court represents.

-3-

## ARGUMENT OF THE MOTION

It is petitioner's contention that the court committed an error of law where it states that the record decisively shows that the sentencing court and the Fifth Circuit have considered and rejected petitioner's claims.

The record will demonstrate to this Honorable Court that the Smith Court, western District of Texas, sAn Antonio Division, never considered the claim of government's failure to serve Notice of enhancement under § 851(a).

What the record will demonstrate is that the Smith Court considered whether State priors (convictions) could be utilized to enhance under § 851(a) at Appendix A & B, see also item (4) of Appendix C:

"the district court's lack of jurisdiction to consider sentence enhancement",

Therefore, it is an error of law to state that the district court has considered and rejected petitioner's claim with respect to the SERVICE PROVISION OF SECTION 851(a).

In further support of petitioner's contentions that the SERVICE PROVISION OF SECTION 851(a) has not been considered or rejected by the Fifth Circuit, petitioner respectfully submits that the court review the record.  The Fifth circuit took the position that Gill was relying on the initial appearance transcript to support his allegation that government had failed to serve notice under 851(a).

Petitioner is not that ignorant of the law to not understand that notice of enhancement is not required at that early stage. Furthermore, petitioner never argued that he was relying on the initial appearance to support his allegation that government had failed

-4-

to serve notice as required under 851(a), thus, <u>the question of law</u>? Did government serve timely notice of enhancement pursuant to Title 28 USC § 851(a) is a question that the Smith Court nor the Fifth Circuit have ever reached on its merits in order to find that this is a frivolous claim on the petitioner's part, or considered and rejected.

Without government's order to show cause Gill will never have an opportunity to develop this factual dispute.  The Fifth Circuit's persistence in directing the focus away from Gill's core issue under-lying his claim of government's failure to serve timely notice under 851(a) has paid dividends because now the focus is on the Smith Court's rejections of the claim based on the argument of State priors, (See Appendix A & B) and the Fifth Circuit's rejection based on the argu-ment that Gill was relying on a transcript of his initial appearance, (See Appendix K).  In both scenarios Gill's arguments failed and are losers as opposed to the question; **DID GOVERNMENT SERVE TIMELY NOTICE BEFORE TRIAL UNDER SECTION 851(a)?**  which Gill can demonstrate to the court that it did not, (See Appendix D).  Furthermore, the Fifth Circuit's calculated deceit also precludes any judicial inquiry of its illegal conduct under 28 USC § 2244 *E*  A decision rendered by the Court of Appeals is non-appealable.  gill is compelled to urge this court to take judicial notice under Rule 201(d) of the Federal Rules of Evidence that: (1) the central issue underlying Gills' § 2241 is that the Smith Court nor the Fifth Circuit have ever reached the merits of whether the government served timely notice under § 851(a), (2) that the government has not disputed any of the factual allega-tions Gill asserts represents a sufficient showing of good cause to warrant the issuance of the writ and an order to the government to

-5-

show cause in resolving the core concerns.

As to this honorable Court's position that the issue under-lying Gill's § 2241 have been "previously litigated" and have been "fairly and fully" resolved against Gill simply is not true.  Gill is prepared to move for dismissal of the instant § 2241 action if this Honorable Court can point to any court decision where the sentencing court and the Fifth Circuit have considered and rejected a plaintiff's claim, to wit; that before trial government timely served a notice of enhancement as required by law under 21 USC § 851(a) and that based on the service provision, not on the merits of Appendixes A, B, C & K has been "previously litigated" and "fairly and fully" resolved against Gill.

This Honorable Court's contention that the sentencing court and the Fifth Circuit have decided the foregoing issue against Gill is wrong.  In support of this claim is Appendix D.  It is the court document that is the linchpin of Gill's § 2241.  The imposition of a mandatory minimum of life imprisonment should not have occurred without the government serving a timely notice of enhancement.  The finding  made by the sentencing court and the Fifth Circuit with re-spect to § 851(a) are not related to the SERVICE PROVISION, citing Appenidx A, B, & K.  without looking beyond the veneer of the record, the Fifth Circuit did not reach whether government served timely notice under 851(a) and it is there that Gill's § 2241 petition wishes to probe.

Certainly this court cannot contend that government's failure to serve timely notice of enhancement under § 851(a) constitutes fairness, but that is the issue that Gill had no reasonable oppor-tunity to obtain earlier judicial correction of a fundamental defect

-6-

in his sentence.    With utmost deference to this Honorable Court finding that the sentencing court and the Fifth Circuit considered and rejected petitioner's claims ordinarily would be entitled to a presumption of correctness, but not in this case because the Honorable Court's decision is founded upon Appendixes A, B, & K.

The granting of the writ and an order to government to show cause is essential to prove the above mentioned error of law by the Fifth Circuit.  If proven true, it would entitle Gill to the relief sought in his § 2241.

**WHEREFORE;** Gill respectfully beseeches this Court to alter or amend its MArch 20, 2000 judgment by granting the writ and ordering the government to show cause.

Dated  3/30/00

Respectfully Submitted,

*Robert Martinez-Gill*

Robert Martinez-Gill
#24434-149
Federal Correctional Inst.
P.O.B. 4200 - JWA
Three Rivers, Texas  78071

-7-

ClibPDF - www.fastio.com